## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### SOUTHERN RAILWAY CO. V. LEWIS.

#### January 18, 1912.

1. MASTER AND SERVANT—*Safe Place and Appliances—Test of Safety— Usage of Business.*—A master is not bound to use the newest and best appliances. He performs his duty when he furnishes those of ordinary character and reasonable safety, and reasonably safe means according to the usages of the business. His duty is also to use ordinary care to provide a reasonably safe place in which his servant is to work, considering the character of the work in which the servant is engaged, and he is liable for injuries to his servant resulting from his failure to exercise such care. Absolute safety is not attainable, and employers are not insurers. They are liable for negligence, and the unbending test of negligence in methods, machinery, and appliances is the ordinary usage of the business.

2. MASTER AND SERVANT—*Negligence—Burden of Proof—Case at Bar.*— One who affirms negligence as the basis of an action for damages must establish it. In the case at bar, the plaintiff was injured by being struck by a switch target while riding on the side of a box car. The target was of standard make, in common use by the defendant and other railroad companies, and was placed at the usual customary distance from the track. The car on which the plaintiff was riding was of the same width of cars in use by the defendant and other railroad companies, and the space between the car and the target was that usually allowed by railroads generally. Upon these facts, it is held that the defendant was not guilty of any negligence which proximately contributed to the injury complained of.

Error to a judgment of the Corporation Court of the city of Danville, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

*William Leigh,* for the plaintiff in error.

*B. H. Custer* and *R. W. Peatross,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This case is before us for the second time.   See 110 Va. 847, 67 S. E. 357.   On the former hearing the judgment was reversed, for error in the instructions.   The last trial resulted, like the first, in a judgment against the defendant company, which this writ of error brings under review.

In the view we take of the case, it is only necessary to consider the assignment of error which calls in question the action of the lower court  in refusing to set aside the verdict and grant the defendant a new trial.

The action was brought by W. T. Lewis to recover  damages for an injury, which he alleges was brought about by the negligence of the defendant company.   There is no material difference between the facts established on the two trials.   They are sufficiently stated in the former opinion of this court, and need not be repeated here, except so far as may be necessary in disposing of the question now under consideration.

It is not alleged  that the shifting engine and cars were improperly operated, or that the particular car, which the plaintiff was attempting to mount, was out of order, or of an improper width, or that the switch was out of repair.   The plaintiff was in the act of mounting a shifting box car, when it was passing a switch, and the sole negligence charged is that the defendant company placed and maintained the switch-stand, which it is alleged struck the plaintiff, too close to its track, and that the switch-stand was too high.   The evidence shows  that the appliance was a "Ramapo" switch-stand, that was in common use by the defendant and other railroads in their yards; that it was placed seven feet from the center of the track, which was the distance from the track commonly adopted for placing all such switches, thereby leaving a space of two feet between the lamp and the side of the car, which was a reasonably safe clearance for passing trains; that the switch-stand was four feet and one inch high, including the lamp or target on top, and that this was the height of all such switches used on the railroad yards mentioned.   Not only is this switch-stand shown to be one of a class in common use by the defendant and other roads, and situated at a distance from the track commonly adopted by such roads, but it appears that the point of its location was where the greatest amount of work was done on the yards, and that it

had been in that location for about two years without complaint, and without accident to any one.

The evidence for the plaintiff tends to show that this class of switch was being superseded by the "New Century" switch, which was better liked, and had been largely adopted by the defendant and other companies. This is not controverted, but it is none the less an established fact that the "Ramapo" switch-stand is still in common use, and is still regarded as a reasonably safe appliance.

It is well settled that the master is not bound to use the newest and best appliances. He performs his duty when he furnishes those of ordinary character and reasonable safety, and reasonable safety means safe according to the usages of the business. His duty is also to use ordinary care to provide a reasonably safe place in which his servant is to work, considering the character of work in which the servant is engaged, and he is liable for injuries to the servant resulting from his failure to exercise such care. Absolute safety is unattainable, and employers are not insurers. They are liable for negligence, and the unbending test of negligence in methods, machinery, and appliances is the ordinary usage of the business. *Bertha Zinc Co.* v. *Martin,* 93 Va. 791, 22 S. E. 869, 70 L. R. A. 999; *N. & W. Ry. Co.* v. *Cromer,* 99 Va. 763, 40 S. E. 54; *Norfolk Traction Co.* v. *Ellington,* 108 Va. 245, 61 S. E. 779, 17 L. R. A. (N. S.) 117; *Southern Ry. Co.* v. *Lewis,* 110 Va. 847, 67 S. E. 357.

The plaintiff endeavored, but failed, to show that the car he was attempting to mount was of more than ordinary width, thereby diminishing the space between it and the switch. It appears that the car in question was an ordinary box car of the defendant company, belonging to what is known as the 14,000 series, which series was in general use by railroad companies. The car being used at the time of the accident was not measured, but one of that series was, the measurement showing that cars of that width would not diminish or obstruct the space provided for between the switch and passing cars, but would leave a clearance of two feet, which was the standard clearance commonly adopted by the defendant and other companies, as reasonably safe and sufficient, if the brakeman exercise ordinary care in performing his duty.

One who affirms negligence as the basis of an action for damages must establish it.    We are of opinion that the evidence in this case fails to show that the defendant was guilty of any negligence which contributed to the injury complained of by the plaintiff. Under such circumstances there is no liability, and there can be no recovery.

The judgment complained of must be reversed, the verdict set aside, and the cause remanded for a new trial, if the plaintiff be so advised, to be had not in conflict with this opinion.

*Reversed.*